# EXHIBIT A

MAJOR NON-JURY
ASSESSMENT OF DAMAGES
HEARING IS REQUIRED

**THE RADMORE FIRM, LLC**
**BY: JAMES R. RADMORE, ESQUIRE**
Identification: 36649
Two Penn Center, Suite 520
1500 J.F.K. Boulevard
Philadelphia, PA   19102
(215) 568-9900
jrr@radmore.net; msh@radmore.net

Filed and Attested by the
Office of Judicial Records
01 JUL 2019 02:38 pm
M. BRYANT

**Attorney for Plaintiff(s)**

---

| | | |
|---|---|---|
| **SONYA WAYNE**<br>2302 Bambrey Terrace<br>Philadelphia, PA   19145 | : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY** |
| | : | |
| | : | |
| | : | |
| **vs** | : | |
| | : | **TERM,** |
| **DOLLAR GENERAL**<br>c/o Corporation Service Company<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA   17110<br>      and | : | |
| **DOLGENCORP, LLC**<br>c/o Corporation Service Company<br>2595 Interstate Drive, Suite 103<br>Harrisburg, PA   17110<br>      and | : | |
| **DOLLAR GENERAL**<br>2120 S. 23rd Street<br>Philadelphia, PA   19145 | : | **NO.** |

---

### PRAECIPE TO ISSUE SUMMONS

TO THE PROTHONOTARY:

    Kindly issue a summons in the above-captioned matter.

    The amount in controversy does exceed the sum of Fifty-Thousand Dollars ($50,000.00).

THE RADMORE FIRM, LLC

JAMES R. RADMORE, ESQUIRE
Attorney for Plaintiff(s)

Case ID: 190700045

C P. 97

# Commonwealth of Pennsylvania
## COUNTY OF PHILADELPHIA

SUMMONS
CITACION
*Filed and Attested by the
Office of Judicial Records
01 JUL 2019 02:38 pm
M. BRYANT*

SONYA WAYNE

COURT OF COMMON PLEAS

_____ Term, 20_____

*vs.*

No. _____

DOLLAR GENERAL c/o Corporation Service Company,
DOLGENCORP, LLC, c/o Corporation Service Company
and DOLLAR GENERAL

To[1]

DOLLAR GENERAL c/o Corporation Service Company,
DOLGENCORP, LLC, c/o Corporation Service Company
and DOLLAR GENERAL

You are notified that the Plaintiff[2]
*Usted esta avisado que el demandante[2]*

SONYA WAYNE

Has (have) commenced an action against you.
*Ha (han) iniciado una accion en contra suya.*



JOSEPH H. EVERS
*Prothonotary*

By _____

190700045
01 JUL 2019 02:38 pm
M BRYANT

Date _____

[1] Name(s) of Defendant(s)
[2] Name(s) of Plaintiff(s)

10-708 (Rev 6/00)

Case ID: 190700045

COURT OF COMMON PLEAS

_____ Term, 20 ____ No. _____

SONYA WAYNE

vs.

DOLLAR GENERAL c/o Corporation Service Company,
DOLGENCORP, LLC, c/o Corporation Service Company
and DOLLAR GENERAL

SUMMONS

James R. Radmore, Esquire
THE RADMORE FIRM, LLC
Two Penn Center, Suite 520
1500 JFK Boulevard
Philadelphia, PA · 19102
215 568 9900
jrr@radmore.net; msh@radmore.net

# EXHIBIT B

**MAJOR NON-JURY**
**ASSESSMENT OF DAMAGES**
**HEARING IS REQUIRED**

**THE RADMORE FIRM, LLC**
**BY:  JAMES R. RADMORE, ESQUIRE**
**Identification: 36649**
**Two Penn Center, Suite 520**
**1500 J.F.K. Boulevard**
**Philadelphia, PA   19102**
**(215) 568-9900**
jrr@radmore.net; msh@radmore.net

*Filed and Attested by the*
*Office of Judicial Records*
*07 OCT 2019 02:23 pm*
*E. HAURIN*

**Attorney for Plaintiff(s)**

| | | |
|---|---|---|
| **SONYA WAYNE**<br>**2302 Bambrey Terrace**<br>**Philadelphia, PA   19145** | : | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY** |
| | : | |
| **vs** | : | |
| | : | |
| **DOLLAR GENERAL**<br>**c/o Corporation Service Company**<br>**2595 Interstate Drive, Suite 103**<br>**Harrisburg, PA   17110**<br>and | : | |
| **DOLGENCORP, LLC**<br>**c/o Corporation Service Company**<br>**2595 Interstate Drive, Suite 103**<br>**Harrisburg, PA   17110**<br>and | : | |
| **DOLLAR GENERAL**<br>**2120 S. 23rd Street**<br>**Philadelphia, PA   19145** | : | **NO.   190700045** |

## CIVIL ACTION COMPLAINT
## PRODUCT LIABILITY

### NOTICE

You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

BUCKS COUNTY BAR ASSOCIATION
135 E. State Street
P. O. Box 300
Doylestown, PA  18901
(215) 348-9413

### AVISO

Le han demandado a usted en la corte.  Si usted quiere defenderse de estas de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de piazo al partir de la fecha de la demanda y la notificacion.  Hace falte asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion.   Adamas, la cortes puede decidir a favor del demandante y requiere que usted compla con todas las provisiones de esta demanda.  Usted puede perder dinero o sus propiedades u ostros defechos importantes para usted.
LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENT. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.
ASOCIACION DE LICENCIADOS DE DELAWARE
SERVICIO DE REFERENCIA E INFORMACION LEGAL
BUCKS COUNTY BAR ASSOCIATION
135 E. State Street
P. O. Box 300
Doylestown, PA  18901
(215) 348-9413

1.      Plaintiff, Sonya Wayne, is an adult individual residing at the above-captioned address.

2.      Defendant, Dollar General, is a business entity with its principal place of business as above-captioned doing business in the Commonwealth of Pennsylvania.

3.      Defendant, Dolgencorp, LLC, is a business entity with its principal place of business as above-captioned doing business in the Commonwealth of Pennsylvania.

4.      Defendant, Dollar General, is a business entity with its principal place of business as above-captioned doing business in the Commonwealth of Pennsylvania.

5.      At all times material hereto, the defendants were engaged in the business of producing, selling, manufacturing, designing, distributing and/or providing for the use of consumers certain products, in particular, nail polish remover.

6.      On or about August 26, 2017, Defendants, Dollar General, Dolgencorp, LLC and Dollar General, produced, sold, distributed, manufactured, designed and/or provided for the use of consumers with certain products, in particular, nail polish remover.

7.      On or about the aforesaid date, plaintiff purchased nail polish remover from defendants.

8.      On or about the aforesaid date, plaintiff removed polish from her nails using the nail polish remover which was produced, sold, distributed, manufactured, designed and/or provided for the use of consumers with certain products by the defendants.

9.      Approximately 45 minutes to an hour after removing the nail polish, plaintiff's shirt, upon attempting to light a cigarette, caught on fire, the flame of which traveled from the bottom of her shirt to the neckline causing second degree burns to the head, face and neck and corneal abrasions of the eyes.

10.     The defendants produced, sold, distributed, manufactured, designed and/or provided for the use of consumers with certain products, in particular, nail polish remover.

11.     The incident in question was caused solely by the negligence of the defendants and was due in no manner to any act or failure to act on the part of the plaintiff.

12.     As a result of the aforesaid negligence of the defendants, Plaintiff, Sonya Wayne, sustained serious and permanent injuries including scarring of her head, face and neck.

13.     By reason of the negligence of the defendants, acting as aforesaid, the plaintiff has been and in the future will be required to spend various sums of money for medical services and treatment of the injuries sustained as aforesaid.

14.     As a result of the accident aforementioned, plaintiff has suffered severe physical pain, disfigurement, anguish, and humiliation, which she may continue to suffer for an indefinite time in the future.

15.     By reason of the negligence of the defendants, acting as aforesaid, the plaintiff has been unable to follow her usual occupation and may in the future be hindered in and prevented from

attending her usual duties and occupation, all to her great loss and detriment.

16.     By reason of the negligence of the defendants, acting as aforesaid, the plaintiff has

or may incur other financial expenses or losses which do or may exceed amounts plaintiff may

otherwise be entitled to recover.

## COUNT I
## SONYA WAYNE VS. DOLLAR GENERAL, DOLGENCORP, LLC AND DOLLAR GENERAL

17.     Plaintiff, herewith repeats all allegations made in the previous paragraphs though

same were fully forth herein at length.

18.     The carelessness and negligence of the defendant consisted in:

a.     failing to properly and adequately produce, sell, distribute, manufacture,

design and/or provide to consumers the aforesaid product in particular, nail polish remover;

b.     failing to properly and adequately warn the plaintiff of the dangerous

conditions then and there existing after a significant time had passed resulting in plaintiff's clothing

to catch file;

c.     failing to properly and adequately inspect the said nail polish remover to

ascertain the existence of the defects and unsafe conditions that would cause the nail polish to catch

fire after a significant amount of time had passed from the use of said nail polish remover;

d.     causing and/or permitting the unsafe conditions and other defects that remain

in and of said nail polish remover that would cause the nail polish to catch fire after a significant

amount of time had passed from the use of said nail polish remover;

e.      failing to properly and adequately correct the defective and unsafe condition of the nail polish remover to cause it to catch fire after a significant amount of time had passed from the use of said nail polish remover;

f.      failing to use due care under the circumstances that would not cause the nail polish remover to cause it to catch fire after a significant amount of time had passed from the use of said nail polish remover;

g.      failing to adequately or properly design the said nail polish remover that would not cause the nail polish remover to catch fire after a significant amount of time had passed from the use of said nail polish remover;

h.      failing to adequately or properly manufacture the said nail polish remover to cause it to catch fire after a significant amount of time had passed from the use of said nail polish remover;

i.      failing to adequately and properly instruct for the proper care, maintenance and use required so as the nail polish remover would not catch fire;

j.      failing to properly and adequately inspect and maintain the equipment used in the production of certain food products, in particular, the nail polish remover;

k.      failing to properly and adequately inspect the said nail polish remover to

ascertain the existence of the defects and unsafe conditions therein that would cause the nail polish remover to catch fire;

l.      causing and/or permitting unsafe and defective conditions and other defects that would cause the nail polish remover to catch fire;

m.      failing to properly and adequately correct the defective condition that would cause the nail polish remover to catch fire;

n.      failing to properly inspect the nail polish remover;

o.      failing to exercise reasonable care in the choosing and engaging the means of designing, manufacturing and inspecting the nail polish remover;

p.      creating a dangerous condition that would cause the nail polish remover to catch fire after a significant amount of time;

q.      being otherwise careless and negligent in causing the nail polish remover to catch fire after a significant amount of time;

19.      As a result of the above, the plaintiff, suffered injuries as more fully set forth herein, all of which were caused by the negligence, carelessness and recklessness of the defendants.

THEREFORE, Plaintiff, Sonya Wayne, demands judgment from the Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest and costs and brings this action to recover same.

## COUNT II
## SONYA WAYNE VS. DOLLAR GENERAL, DOLGENCORP, LLC AND DOLLAR GENERAL

## STRICT LIABILITY

20.     Plaintiff herewith repeats all allegations made in the previous paragraphs as though same were fully set forth herein at length.

21.     At all times material hereto, the defendants were in the business of selling, distributing, and/or providing for the use of consumers, nail polish remover, and at all times were aware that consumers would rely on the safety of the label.

22.     The product, in particular the nail polish remover in question was expected to and did, in fact, reach the Plaintiff without substantial change in the condition in which is was produced and placed in commerce.

23.     The incident in question was caused solely by the negligence of the defendants and was due in no manner to any act or failure to act on the part of the plaintiff.

24.     As a result of the above, the plaintiff suffered injuries as more fully set forth herein.

25.     The defendant's are liable due to the following:

        a.      failing to warn of the known dangerous conditions that the nail polish remover would catch fire within a certain certain amount of time;

        b.      should have known were a danger to consumers and the public from the nail polish remover in general and to the plaintiff in particular;

c.       failure to exercise care, caution and diligence required under the circumstances that would prevent the nail polish remover from catching fire after a significant amount of time had passed;

d.       putting into the stream of commerce the nail polish remover, which defendant knew or should have known would be flammable after a significant amount of time had passed;

e.       producing the nail polish remover, which did not meet standards, then known to the defendants or which should have been known to the defendants;

f.       failure to warn consumers of the dangers that would occur should the strike of a lighter would cause the nail polish to ignite;

g.       failure to timely withdraw the dangerous nail polish remover in question from the stream of commerce.

WHEREFORE, Plaintiff, Sonya Wayne, claims of the Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest and costs and brings this action to recover same.

## COUNT III
## SONYA WAYNE VS. DOLLAR GENERAL, DOLGENCORP, LLC AND DOLLAR GENERAL

## RESTATEMENT

26.     Plaintiff herewith repeats all the allegations made in the previous paragraphs as though same were fully set forth herein at length.

27.     Plaintiff avers that the injuries were not the result of the manner in which she utilized

the nail polish remover, but rather were a result of the defects in the product which existed at the time of the manufacture and then for consumer use, which defects were not know to the Plaintiff.

28.     Defendant is strictly liable under Restatement of Torts 2nd Statute 402 (a) and 402 (b), as interpreted by the Pennsylvania Courts in that:

a.     Defendants, prior to August 26, 2017, produced, designed, manufactured, distributed, and/or provided for the use of consumers the nail polish remover in question, which was intended to be used by persons such as it was;

b.     defendants knew or should have known that the said nail polish remover would be used by persons without first inspecting it for defects, and by placing it for consumer use, represented that it could be safely used for the purpose for which it was intended;

c.     the said nail polish remover was not substantially changed in any manner from the time it was originally produced, distributed, and/or provided for the use of consumers by the defendants to the time Plaintiff was injured as aforesaid;

d.     the injuries suffered by the plaintiff, herein above described, were the result of the nail polish remover being defectively designed, produced, distributed, and/or provided for the use of consumers by the Defendants and being unsafe for its intended use, said defects being unknown to the Plaintiff.

29.     As a result of the violation of Sections 402 (a) and 402 (b) of the Restatement of Torts

2nd, the Plaintiff was caused to suffer severe injuries as more fully set forth above.

WHEREFORE, Plaintiff, Sonya Wayne, claims of the Defendants in an amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest and costs and brings this action to recover same.

## COUNT IV
## SONYA WAYNE VS. DOLLAR GENERAL, DOLGENCORP, LLC AND DOLLAR GENERAL

30.     Plaintiff herewith repeats all the allegations made in the previous paragraphs as though same were fully set forth herein at length.

31.     Plaintiff, avers that the defendants sold, and distributed, and/or provided for the use of consumers the product improperly.

32.     At all times relevant to the gravaman of this complaint, both before and after the said date, the defendants were engaged in the business of selling, distributing, and/or providing for the use of consumers nail polish remover.

33.     Defendants provided a warranty for its product.

34.     Relying upon the defendant's implied and express warranties of merchantability and fitness for the particular purpose for which the product was to have been used, the plaintiff sustained damages set forth elsewhere in this Complaint.

35.     The defendants breached their implied and express warranties of merchantability and fitness for the particular purpose for which the product was to have been sold.

WHEREFORE, Plaintiff, Sonya Wayne, claims of Defendants in an amount in excess of Fifty

Thousand ($50,000.00) Dollars plus interest and costs and brings this action to recover same.

THE RADMORE FIRM, LLC

BY:_____
              JAMES R. RADMORE
              Attorney for Plaintiffs

**VERIFICATION**

JAMES R. RADMORE, ESQUIRE, hereby states that he is the attorney for the Plaintiff(s) in this action and verifies that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. 4940 relating to unsworn falsification to authorities.

_____
JAMES R. RADMORE, ESQUIRE

5.     At all times material hereto, the defendants were engaged in the business of providing consumers with tanning services.

5.     On an occasion prior to the date hereinto set forth, defendants repaired plaintiff, Martha Collazo's automobile.

6.     On or about May 22, 2013, plaintiff, as a business invitee of the defendant's underwent a spray tanning session.

7.      On or about May 23, 2013, plaintiff developed pneumonia and hives resulting in her hospitalization.

8.      The incident in question was caused solely by the negligence of the defendants in their failure to provide any warnings to plaintiff and was due in no manner to any act or failure to act on the part of the plaintiffs.

9.      As a result of the aforesaid negligence of the defendants, Plaintiff, Sonya Wayne, sustained severe injuries to her lungs, including diffuse nodular pulmonary infiltraes, shortness of breath, chronic cough, some or all of the above injuries are permanent. All of the foregoing injuries have rendered plaintiff sick, sore, lame, prostrate, disabled and disordered and have made her undergo great mental anguish and physical pain as a result of which has suffered, yet suffers, and will continue to suffer for an indefinite time in the future.

10.     By reason of the injuries sustained, plaintiff has been and may in the future continue to be required to expend various sums of money for medicine and medical treatment in and about endeavoring to treat and cure herself of these injuries.

11.     By reason of the injuries sustained, plaintiff has and may continue to suffer great pain and agony, mental anguish and humiliation and has been and may in the future be hindered from attending to her daily duties, functions and occupations, all to her great damage and loss.

12.     By reason of the negligence of the defendants acting as aforesaid, the plaintiff has or may incur other financial expenses or losses which do or may exceed amounts plaintiff may otherwise be entitled to recover.

13.     The carelessness and negligence of the defendants consisted in:

a.     failing to use the required amount of skill in the performance and administration of said tanning services;

b.     failing to use the required amount of skill in determining whether or not there may be an allergic reaction upon application of the tanning product;

c.     failing to properly and adequately warn the plaintiff of the dangerous conditions then and there existed in undergoing spray tanning;

d.     failing to properly and adequately inspect the spray tanning equipment to ascertain the existence of the defects and unsafe conditions therein;

e.     causing and/or permitting unsafe conditions and other defects that remain in and of said spray tanning equipment;

f.     failing to properly and adequately correct the defective and unsafe condition of the spray tanning equipment;

g.     failing to use due care under the circumstances;

h.     failing to adequately and properly warn consumers of the proper care, maintenance and use required for undergoing spray tanning;

i.     failing to adequately and properly instruct for the proper care, maintenance and use required when undergoing spray tanning;

j.     failing to properly and adequately inspect the tanning equipment to ascertain

the existence of the defects and unsafe conditions therein;

      k.      causing and/or permitting unsafe and defective conditions and other defects to become and remain in the said tanning equipment;

      l.      failing to properly and adequately correct the defective condition of the tanning equipment;

      m.      failing to properly inspect the tanning equipment;

      n.      creating a dangerous condition;

      o.      being otherwise careless and negligent

      p.      failing to warn of the known dangerous conditions;

      q.      failure to warn of the conditions which defendants knew or, in the exercise of reasonable diligence, should have known were a danger to consumers and the public from the spray tanning in general and to the plaintiff in particular;

      r.      failure to inspect and test;

      s.      negligently and inadequately testing and inspecting;

      t.      failure to observe the customs, practices, usages and reasonable precautions of the industry;

      u.      failure to exercise care, caution and diligence required under the circumstances;

v.     failure to warn of the dangers which the defendants knew or should have known existed under the circumstances or, which they foresaw or should have foreseen would have been encountered by the public in the use of the spray tanning in question;

w.     producing, designing, and/or providing for the use of consumers the brakes;

x.     failure to observe industry standards;

y.     failure to advise of the hazards in question;

z.     failure to adequately mark, identify and warn users of their product;

aa.     failure to provide precautionary instructions;

ab.     failure to comply with local ordinances;

ac.     failure to comply with the federal statutes;

ad.     failure to take necessary precautions to avert injuries to the plaintiff;

ae.     negligently and carelessly applying tanning product, so as to properly warn, direct and/or instruct parties in interest of the possible defects of life threatening propensities of the end product;

af.     carelessly and negligently failing to warn plaintiff of the dangerous propensities of the said product;

ag.     failing to perform tests on the said production equipment and component parts thereof, and take necessary precautions to avert the injuries complained of in plaintiff's complaint;

ah.     failing to provide adequate and proper warning of the condition of the equipment in order to prevent the said product from being unreasonably dangerous;

ai.     failure to exercise the vigilance commensurate with the harm which would be likely to result from the relaxing of the high degree of responsibility owing to consumers of the said product and to the plaintiff, in particular;

aj.     failure to utilize proper and adequate labelings;

ak.     marketing said product without adequate testing, studies, and research;

al.     negligence as a matter of law;

am.     otherwise being careless and negligent.

14.     As a result of the above, the plaintiff, suffered injuries as more fully set forth herein, all of which were caused by the negligence, carelessness and recklessness of the defendants.

WHEREFORE, plaintiff, Sonya Wayne, demands damages of the defendants herein in a sum in excess of Fifty-Thousand ($50,000) Dollars.

THE RADMORE FIRM, LLC


BY:___\s\James R. Radmore_____
        JAMES R. RADMORE
        Attorney for Plaintiffs

## VERIFICATION

JAMES R. RADMORE, ESQUIRE, hereby states that he is the attorney for the Plaintiff(s) in this action and verifies that the statements made in the foregoing pleading are true and correct to the best of his knowledge, information and belief.  The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C.S. 4940 relating to unsworn falsification to authorities.

\s\James R. Radmore
JAMES R. RADMORE, ESQUIRE

**THE RADMORE FIRM, LLC**
**BY:  JAMES R. RADMORE, ESQUIRE**
**Identification:  36649**
**Two Penn Center, Suite 520**
**1500 J.F.K. Boulevard**
**Philadelphia, PA   19102**
**(215) 568-9900**
jrr@radmore.net; msh@radmore.net                    **Attorney for Plaintiff(s)**

---

| | | |
|---|---|---|
| **SONYA WAYNE** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **vs** | : | |
| | : | |
| **DOLLAR GENERAL** | : | |
| **and** | : | |
| **DOLGENCORP, LLC** | : | |
| **and** | : | |
| **DOLLAR GENERAL** | : | **NO.  190700045** |

### CERTIFICATE OF SERVICE

I JAMES R. RADMORE, ESQUIRE hereby certify that a copy of Plaintiff's Complaint was

filed electronically on October 7, 2019 and is now available for viewing and downloading from the

Court's Electronic Case Filing System by Matthew T. Pisano, Esquire, attorney for the defendants.


THE RADMORE FIRM, LLC


BY:___\s\James R. Radmore_____
           JAMES R. RADMORE, ESQUIRE

# EXHIBIT C

**THE RADMORE FIRM, LLC**
**BY:  JAMES R. RADMORE, ESQUIRE**
**Identification: 36649**
**Two Penn Center, Suite 520**
**1500 J.F.K. Boulevard**
**Philadelphia, PA   19102**
**(215) 568-9900**
jrr@radmore.net; msh@radmore.net

*Filed and Attested by the*
*Office of Judicial Records*
*15 JUL 2019 02:28 pm*
*A. SILIGRINI*

**Attorney for Plaintiff(s)**

| | |
|---|---|
| **SONYA WAYNE**<br>**2302 Bambrey Terrace**<br>**Philadelphia, PA   19145** | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY** |
| **vs** | |
| **DOLLAR GENERAL**<br>c/o Corporation Service Company<br>**2595 Interstate Drive, Suite 103**<br>**Harrisburg, PA   17110**<br>and<br>**DOLGENCORP, LLC**<br>c/o Corporation Service Company<br>**2595 Interstate Drive, Suite 103**<br>**Harrisburg, PA   17110**<br>and<br>**DOLLAR GENERAL**<br>**2120 S. 23rd Street**<br>**Philadelphia, PA   19145** | **NO.  190700045** |

---

## PRAECIPE TO REISSUE WRIT OF SUMMONS

TO THE PROTHONOTARY:

Kindly reissue the Writ of Summons in the above-captioned Civil Action for an additional thirty days.

THE RADMORE FIRM, LLC

JAMES R. RADMORE, ESQUIRE
Attorney for Plaintiff(s)

**PISANO LAW FIRM**
By: Matthew T. Pisano, Esquire
mpisano@pisanolawfirm.com
Identification No. 84261
1628 John F. Kennedy Boulevard
Eight Penn Center, Ste. 1002
Philadelphia, PA 19103
(215) 965-8221 *phone*
(215) 965-8206 *fax*

*Filed and Attested by the*
*Office of Judicial Records*
*20 SEP 2019 10:43 am*
*M. RUSSO*

Attorney for Defendant
Dolgencorp, LLC

| | | |
|---|---|---|
| SONYA WAYNE | : | PENNSYLVANIA COURT OF COMMON |
| Plaintiff | : | PLEAS, PHILADELPHIA COUNTY |
| | : | |
| v. | : | CASE ID. 190700045 |
| | : | |
| DOLLAR GENERAL AND | : | ***JURY TRIAL DEMANDED*** |
| DOLGENCORP, LLC | : | |
| Defendants | : | |

## PRAECIPE FOR RULE TO ISSUE A COMPLAINT

TO THE PROTHONOTARY:

    Kindly Issue a Rule on Plaintiff Sonya Wayne to file a Complaint within twenty (20) days

after service of this rule or suffer a judgment of non pros.

                                   **PISANO LAW FIRM**

Dated: September 20, 2019

                                   By: *Matthew T. Pisano*
                                   Matthew T. Pisano, Esquire
                                   Attorney for Defendant
                                   Dolgencorp, LLC

## RULE TO FILE COMPLAINT

    AND NOW, this _____ day of _____, 2019 a Rule is entered under Pennsylvania

Rule of Civil Procedure 1037 upon the Plaintiff in the above-captioned matter to file a Complaint

within twenty (20) days from the service of this Rule or otherwise suffer Judgment of Non Pros.

_____
Prothonotary

By:_____

190700045
20 SEP 2019 10:43 am
M. RUSSO

## <u>CERTIFICATE OF SERVICE</u>

It is hereby certified that a true and correct copy of the foregoing was filed electronically and is available for viewing and downloading from the Electronic Filing System. Service is thereby made on counsel who are registered to file electronically with the Philadelphia Courts; otherwise, service will be by way of first class mail, postage prepaid, addressed as follows:

James R. Radmore, Esq.
THE RADMORE FIRM, LLC
Two Penn Center, Suite 520
1500 JFK Boulevard
Philadelphia, PA 19102
**Attorney for Plaintiff**


**PISANO LAW FIRM**


By: *Matthew T. Pisano*

Dated:  September 20, 2019            Matthew T. Pisano, Esquire
Attorney for Defendant
Dolgencorp, LLC

**FILED**

07 OCT 2019 09:51 pm

**Civil Administration**

M. GRAHAM

**PISANO LAW FIRM**
By:  Matthew T. Pisano, Esquire
mpisano@pisanolawfirm.com
Identification No. 84261
1628 John F. Kennedy Boulevard
Eight Penn Center, Ste. 1002
Philadelphia, PA  19103
(215) 965-8221 *phone*
(215) 965-8206 *fax*

Attorney for Defendants

| | | |
|---|---|---|
| SONYA WAYNE | : | PENNSYLVANIA COURT OF COMMON |
| Plaintiff | : | PLEAS, PHILADELPHIA COUNTY |
| | : | |
| v. | : | CASE ID. 190700045 |
| | : | |
| DOLLAR GENERAL AND | : | |
| DOLGENCORP, LLC | : | |
| Defendants | : | |

## CASE MANAGEMENT CONFERENCE MEMORANDUM

**Filing party:  Defendants Dolgencorp, LLC and Dollar General**

**By:          Matthew T. Pisano, Esquire**

Counsel's address and phone number (IMPORTANT):          **1628 JFK Blvd.**
**Suite 1002**
**Philadelphia, PA  19103**
**(215) 965-8221**

## PART A
### *(to be completed in personal injury cases)*

1.   Date of accident or occurrence:          **See Plaintiff's Memorandum**

   (a).   Age of Plaintiff(s):

2.   Most serious injuries sustained:          **See Plaintiff's Memorandum**

3.   Is there any permanent injury claimed?

   If yes, indicate the type of permanent injury:          **See Plaintiff's Memorandum**

4.   Dates of medical treatment:          **See Plaintiff's Memorandum**

5.   Is medical treatment continuing?          **See Plaintiff's Memorandum**   Yes   No

6.   Has there been an inpatient hospitalization?          **See Plaintiff's Memorandum**   Yes   No

7.  Has there been any surgery?                    **See Plaintiff's Memorandum**   Yes  No

    If yes, indicate the type of surgery:

8.  Approximate medical bills to date:                    **See Plaintiff's Memorandum**

    Approximate medical bills recoverable in this case:    **To be determined.**

9.  Are there any existing liens (Workers Compensation, DPW, Medical, etc.)?   Yes   No
    **See Plaintiff's Memorandum**

    If yes, what type and approximate amount?

10. Time lost from work:                    **See Plaintiff's Memorandum**

11. Approximate past lost wages:                    **See Plaintiff's Memorandum**

12. Is there a claim for future lost earning capacity?                    Yes   No

    If yes, approximate future lost earning capacity?    **See Plaintiff's Memorandum**

13. Are there any related cases or claims pending?                    Yes   No **X**

    If so, list caption(s) or other appropriate identifier:    **None.**

14. Do you anticipate joining additional parties?                    Yes   No **X**

15. Plaintiff's position as to liability:                    **See Plaintiff's Memorandum**

16. Defense factual position as to liability:

17. Defense position as to causation of injuries alleged:

18. Identify all applicable insurance coverage:                    **Self-insured**

    Are there issues as to the applicability of the above insurance coverage?  Yes   No **X**

19. Demand: **$0**            Offer:   **$0**

**PISANO LAW FIRM**

By: *Matthew T. Pisano*
     Matthew T. Pisano, Esquire
     Attorney for Defendants

Dated:  October 7, 2019

**FILED**
07 OCT 2019 02:15 pm
**Civil Administration**
S. ESPOSITO

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| **SONYA WAYNE** | : | **COURT OF COMMON PLEAS** |
| | : | **PHILADELPHIA COUNTY** |
| **vs** | : | |
| | : | |
| **DOLLAR GENERAL** | : | |
| **and** | : | |
| **DOLGENCORP, LLC** | : | |
| **and** | : | |
| **DOLLAR GENERAL** | : | **NO. 190700045** |

CASE MANAGEMENT CONFERENCE
MEMORANDUM
PART A
*(To be completed in Personal Injury cases)*

Filing party: Sonya Wayne          By: James R. Radmore, Esquire
Counsel's address (IMPORTANT) Two Penn Center, Suite 520, 1500 JFK Boulevard
                              Philadelphia, PA   19102

1.    Date of accident or occurrence:   August 26, 2017

      1(a).  Age of Plaintiff(s)        50

2.    Most serious injuries sustained:   Second degree burns to the head, face and neck, corneal abrasions of the eyes

3.    Is there any permanent injury claimed?          ☒ Yes      ☐ No
      If yes, indicate the type of permanent injury: Scarring to the head, face and neck

4.    Dates of medical treatment:   August 26, 2017 through present

5.    Is medical treatment continuing?          ☒ Yes      ☐ No

6.    Has there been an inpatient hospitalization?      ☐ Yes      ☒ No

7.    Has there been any surgery?          ☐ Yes      ☒ No

      If yes, indicate the type of surgery:

8.      Approximate medical bills to date:   To be provided as plaintiff continues to treat
through the present time.

        Approximate medical bills recoverable in this case:  To be provided as plaintiff
continues to treat through the present time.

9.      Time lost from work:  N/A

10.     Approximate past lost wages:  N/A

11.     Approximate future lost earning capacity:  N/A

12.     Are there any related cases or claims pending?      ☐ Yes    ☒ No

        If so, list caption(s) or other appropriate identifier:



13.     Do you anticipate joining additional parties?      ☐ Yes    ☒ No

14.     Plaintiff's position as to liability:   Defendant's failure to properly provide instructions
for the proper care and use required in using the nail polish remover so as not to cause or catch
fire.

15.     Defense position as to liability:   Unknown


16.     Defense position as to causation of injuries alleged:   Unknown


17.     Identify all applicable insurance coverage:

| Defendant | Insurance Carrier | Coverage Limits |
| --- | --- | --- |
| Dollar General | Unknown | Unknown |
| Dolgencorp, LLC | Unknown | Unknown |
| Dollar General | Unknown | Unknown |

        Are there issues as to the applicability of the
        above insurance coverage?          ☐ Yes    ☐ No

18.     Demand: $750,000.00          Offer: $ -0-

THIS FORM SHALL BE PRESENTED TO THE CASE MANAGER AND COPIES SERVED
UPON ALL PARTIES AT THE CASE MANAGEMENT CONFERENCE BY COUNSEL
PREPARED TO DISCUSS ITS CONTENTS.